O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAMELA T. GRIMM, | ) | CASE NO. CV 11-01418 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

After the Administrative Law Judge had rendered his decision denying Plaintiff's Title XVI disability claim [AR 13 *et seq*.], Plaintiff submitted a report from her treating psychiatrist, Dr. Villar, to the Appeals Council. [AR 283-29] In that document, Dr. Villar checked several boxes indicating that Plaintiff had marked limitations in a number of areas of functioning — remembering work-like procedures, maintaining regular attendance and being punctual; sustaining an ordinary routine without special supervision; working in coordination with or in close proximity to other people; accepting instructions and responding appropriately to criticism from supervisors; and getting along with co-workers or peers without distracting them or exhibiting behavioral extremes. He also found that Plaintiff had one "severe" limitation — defined in the form as no useful ability to function — in the category of "Complete a normal work day without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable

number of and length of rest periods." In addition to marking these various categories, Dr. Villar provided descriptions of various aspects of Plaintiff's illness and symptoms.

The Appeals Council accepted this report and made it part of the record. [AR 4] The Appeals Council stated that this report did not provide a basis for changing the Administrative Law Judge's decision [AR 1-2] and denied the request for review, thereby transforming the decision of the Administrative Law Judge into the final decision of the Social Security Commissioner. [AR 1]

It is clear that this opinion strikingly differs from the determination by the Administrative Law Judge. Had this opinion been before the Administrative Law Judge, the Administrative Law Judge would have been required to consider it. The opinion of a treating physician is given special deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), and generally deserves far greater weight than that of non-examining physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001). Indeed, standing alone, the opinion of a non-examining physician cannot override the opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

The Commissioner argues that the decision should be affirmed because Plaintiff has not given good cause for failing to submit Dr. Villar's report to the Administrative Law Judge. This Court doubts whether the law imposes such a good cause standard. The statute that the Commissioner cites provides such a standard where a claimant beseeches a court — not the Appeals Council — to remand for new evidence that was not part of the record, and the Court is empowered to do so if the good cause standard is satisfied and the evidence is material. 42 U.S.C. § 405(g). The case the Commissioner cites, *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990), addresses this situation. In contrast, the regulation cited by the Commissioner, 20 C.F.R. § 404.970(b), which addresses information a claimant presents to the Appeals Council, contains no good cause requirement, only a requirement that the new evidence be material and pertain to the period on or before the Administrative Law Judge's decision. The most that can be said in support of the Commissioner's position is that the Ninth Circuit has not decided definitively

whether there must be good cause for submission of evidence to the Appeals Council. *Mayes v. Massanari*, 276 F.3d 453, 461 n.3 (9th Cir. 2001).

Here, however, the Appeals Council *did* accept the submission, and the law is clear as to the Court's responsibility when that situation occurs. Where the Appeals Council has accepted additional evidence, the Court reviews the entire record, including that which was before the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993). The Commissioner's argument thus misses the mark.

With the opinion of Dr. Villar as part of the record, the decision of the Commissioner cannot stand. Given the substantial weight to be placed on that opinion, the Commissioner's findings as to Plaintiff's impairments and the impact on her functioning must be reconsidered. Post-hoc rationalizations cannot suffice. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). In turn, possessed of this new evidence, the Administrative Law Judge may view Plaintiff's credibility in a different light, and may reach different conclusions as to Plaintiff's ability to work.

In light of the foregoing, the decision of the Commissioner is reversed. The matter is remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED: February 7, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE